ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **MILAGROS MELGAREJO T/C/C MILAGROS GONZÁLEZ BURGOS** DEMANDANTE(S)-RECURRIDA(S) | | ***Certiorari*** procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN** |
| **V.** | **KLCE202301462** | Caso Núm. **SJ2023CV06558 (903)** |
| **RAFAEL RIVEROL, SU esposa CARMEN RIVERA RÍOS Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS** DEMANDADA(S)-PETICIONARIA(S) | | Sobre: Cobro de Dinero (Ordinario); Incumplimiento de Contrato |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

# R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 15 de febrero de 2024.

Comparece ante este Tribunal de Apelaciones, el señor **RAFAEL RIVEROL** (señor **RIVEROL**) mediante *Certiorari* instado el 27 de diciembre de 2023. En su recurso, nos solicita que revisemos la *Minuta-Resolución* decretada el 4 de diciembre de 2023 por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan.[1] Mediante el referido dictamen, entre otras cosas, el foro de instancia denegó la *Moción de Desestimación por Falta de Jurisdicción sobre la Sociedad Legal de Gananciales* presentada el 20 de noviembre de 2023 por el señor **RIVEROL**.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] Esta determinación judicial fue notificada y archivada en autos el 4 de diciembre de 2023. Véase Apéndice del *Certiorari*, págs. 1- 2.

Número Identificador:
RES2024_____

– I –

El 10 de julio de 2023, la señora **MILAGROS MELGAREJO** (señora **MELGAREJO**) interpuso una *Demanda* sobre cobro de dinero e incumplimiento de contrato contra los señores **RIVEROL**, **CARMEN RIVERA RÍOS** (señora **RIVERA RÍOS**) y la **SOCIEDAD LEGAL DE GANANCIALES** compuesta por ambos (**SLG RIVEROL RIVERA**).[2] El 12 de julio de 2023, se expidieron los emplazamientos junto a la *Notificación-Citación sobre Cobro de Dinero* pautando audiencia.[3]

Después, el 4 de agosto de 2023, la señora **MELGAREJO** presentó dos escritos. Mediante el primero, intitulado *Escrito Informativo en Torno a Emplazamiento Diligenciado* acreditó el diligenciamiento personal del emplazamiento dirigido al señor **RIVEROL**.[4] Por medio del segundo, *Escrito en Solicitud de Emplazamiento por Edicto*, la señora **MELGAREJO** requirió que se le permitiera emplazar mediante edicto a la señora **RIVERA RÍOS**, ante el hecho de que la misma no pudo ser emplazada.[5] El 7 de agosto de 2023, el foro primario dictó *Orden* en la cual expresó que la solicitud de emplazamiento por edicto no era compatible con el trámite sumario; y concedió un término de cinco (5) días, a la señora **MELGAREJO,** para informar si solicitaría convertir el trámite a uno ordinario para poder solicitar emplazamiento mediante edicto.[6]

Así las cosas, el 10 de agosto de 2023, la señora **MELGAREJO** presentó una *Moción de Desistimiento Voluntario.* En su escrito, desistió voluntariamente, sin perjuicio, de su reclamación contra la señora **RIVERA RÍOS**, de manera que el pleito continuaría contra el señor **RIVEROL** por la vía sumaria.[7] El 10 de agosto de 2023, el tribunal de instancia decretó *Sentencia*

---

[2] Véase Apéndice del *Certiorari*, págs. 38- 48.
[3] Entradas números 3 y 4 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[4] Entrada número 6 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[5] Véase Apéndice de la *Moción en Oposición a Expedición del Recurso de Certiorari*, págs. 1- 5.
[6] *Íd.*, pág. 6.
[7] Véase Apéndice del *Certiorari*, págs. 36- 37.

*Parcial* declarando con lugar el desistimiento voluntario y ordenando el archivo, sin perjuicio, de la acción incoada contra la señora **RIVERA RÍOS**.[8]

Tras varios trámites procesales, el 1 de septiembre de 2023, el señor **RIVEROL** presentó su *Contestación a la Demanda* conteniendo sus defensas afirmativas.[9] El 8 de septiembre de 2023, presentó su *Reconvención* en la cual reclamó la devolución de la fianza y daños por el incumplimiento de contrato.[10] A los pocos días, el 10 de septiembre de 2023, el señor **RIVEROL** presentó *Moción Solicitando se Continúe Tramitando el Pleito Bajo el Procedimiento Ordinario y se Deje Sin Efecto el Señalamiento del 28 de septiembre del 2023*, solicitando, en lo aquí pertinente, la conversión del pleito al trámite ordinario.[11]

El día 18 de septiembre de 2023, la señora **MELGAREJO** presentó una *Moción para que se Desestima [sic] la Reconvención por Tardía y en Oposición a "Moción Solicitando se Continúe Tramitando el Pleito Bajo el Procedimiento Ordinario y se Deje Sin Efecto el Señalamiento del 28 de septiembre de 2023".*[12] Por otro lado, el 23 de septiembre de 2023, el señor **RIVEROL** presentó *Moción Solicitando Permiso para Formular Reconvención Mediante Enmienda bajo la Regla 11.5 de Procedimiento Civil y Réplica a: Moción para que se Desestima[sic.] la Reconvención por Tardía y en Oposición a "Moción Solicitando se Continúe Tramitando el Pleito Bajo el Procedimiento Ordinario y se Deje Sin Efecto el Señalamiento del 28 de septiembre de 2023.*[13] Atendidos estos documentos, el 24 de septiembre de 2023, el foro de instancia autorizó la *Reconvención*; convirtió el caso al trámite ordinario; y pautó vista transaccional.[14]

Tras otras varias incidencias procesales, el 13 de octubre de 2023, la señora **MELGAREJO** presentó su *Contestación a Reconvención* conteniendo sus

---

[8] Véase Apéndice del *Certiorari*, pág. 35.
[9] *Íd.*, págs. 32- 34.
[10] *Íd.*, págs. 30- 31
[11] *Íd.*, págs. 28- 29
[12] *Íd.*, págs. 18- 27.
[13] *Íd.*, págs. 15- 17.
[14] Véase Apéndice de la *Moción en Oposición a Expedición del Recurso de Certiorari*, pág. 7.

defensas afirmativas.[15] Posteriormente, el 20 de noviembre de 2023, el señor **RIVEROL** presentó una *Moción de Desestimación por Falta de Jurisdicción sobre la Sociedad Legal de Gananciales*.[16] En respuesta, el 22 de noviembre de 2023, la señora **MELGAREJO** presentó *Moción en Oposición a "Moción de Desestimación por Falta de Jurisdicción sobre la Sociedad Legal de Gananciales"*.[17] El 27 de noviembre de 2023, el tribunal primario intimó *Orden*, disponiendo que atendería el asunto en la vista transaccional señalada para el 30 de noviembre de 2023.[18]

Celebrada la audiencia sobre los asuntos pendientes, el foro recurrido dictaminó la *Minuta-Resolución* impugnada.[19] En lo que concierne, el tribunal *a quo* determinó lo siguiente:

> En aras de la justicia y por economía procesal, l[e] permite a la parte demandante, dentro del término que comenzó a contar a partir del 26 de septiembre de 2023, fecha en que se convierte este caso en uno sumario a uno ordinario, emplazar personalmente a la parte codemandada, Carmen Rivera Ríos.[20]

En desacuerdo con ese proceder, el 27 de diciembre de 2023, el señor **RIVEROL** recurrió ante este foro revisor señalando el(los) siguiente(s) error(es):

> Erró el Honorable Tribunal de Primera Instancia al determinar que no tiene validez la Sentencia Parcial dictada el 10 de agosto del 2023 y que la demandante se encuentra dentro del término para emplazar a la Sra. Rivera Ríos.

Posteriormente, el 8 de enero de 2024, la señora **MELGAREJO** presentó su *Moción en Oposición a Expedición del Recurso de Certiorari*.

Evaluado concienzudamente el expediente del caso, y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

---

[15] Véase Apéndice del *Certiorari*, págs. 10- 13.
[16] Véase Apéndice del *Certiorari*, págs. 8- 9.
[17] *Íd.*, págs. 3- 7.
[18] Entrada número 46 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[19] Véase Apéndice del *Certiorari*, págs. 1- 2.
[20] *Íd.*, pág. 2.

## – II –

## – A –

La *jurisdicción* es el poder o autoridad con el que cuenta un tribunal para considerar y decidir los casos y controversias ante su consideración.[21] Por lo que, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una controversia.[22]

Los tribunales deben ser celosos guardianes de su *jurisdicción*. Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Las cuestiones de *jurisdicción* por ser privilegiadas deben ser resueltas con preferencia. Si un tribunal se percata que carece de *jurisdicción*, así tiene que declararlo y desestimar el caso.[23]

El Tribunal Supremo ha resuelto enfáticamente que la ausencia de *jurisdicción* trae consigo las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa de los procedimientos, a instancia de las partes o por el tribunal motu proprio"*.[24]

Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos

---

[21] *FCPR v. ELA et al.*, 2023 TSPR 26, 211 DPR ___ (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022).

[22] *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020).

[23] *FCPR v. ELA et al.*, 2023 TSPR 26, 211 DPR ___ (2023); *Cobra Acquisitions v. Mun. Yabucoa et al., supra*; *Allied Mgmt. Group v. Oriental Bank, supra*, págs. 366-387.

[24] *MCS Advantage v. Fossas Blanco et al.*, 2023 TSPR 08, 211 DPR ___ (2023); *Cobra Acquisitions v. Mun. Yabucoa et al., supra*, pág. 395; *Beltrán Cintrón v. ELA*, 204 DPR 89, 101-102 (2020).

para el perfeccionamiento del recurso en cuestión.[25]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), *"sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".*[26] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[27]

La doctrina jurídica de *justiciabilidad* limita la intervención de los tribunales a aquellos casos en que exista una controversia genuina surgida entre partes opuestas que tengan un interés real en obtener un remedio.[28] No se consideran controversias justiciables aquellas en que: 1) se procura resolver una cuestión política; 2) una de las partes carece de legitimación activa; 3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; 4) las partes están tratando de obtener una opinión consultiva, o; (5) se intenta promover un pleito que no está maduro.[29]

La *academicidad* es una manifestación de la doctrina de *justiciabilidad*. Un caso es *académico* cuando se trata de obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes de que este haya sido reclamado o una sentencia sobre un asunto que, al dictarse, por alguna razón, no tendrá efectos prácticos sobre una controversia existente.[30]

La Regla 83 (B) (5) del Reglamento del Tribunal de Apelaciones dispone en lo pertinente que: "Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:  [  ]...(5) que el recurso se ha convertido en académico".[31] Una vez un tribunal

---

[25] *Allied Mgmt. Group v. Oriental Bank, supra; Torres Alvarado v. Madera Atiles,* 202 DPR 495, 501 (2019).

[26] *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873 (2007).

[27] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*

[28] *Ramos, Méndez v. García García,* 203 DPR 379, 393-394 (2019).

[29] *Íd.*

[30] *Amador Roberts et als. v. ELA,* 191 DPR 268, 282 (2014).

[31] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o*

determina que no tiene *jurisdicción*, "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos".[32] Ello sin entrar en los méritos de la controversia ante sí.

– III –

En su petición de *Certiorari,* el señor **RIVEROL** nos solicita que revisemos la *Minuta-Resolución* dictaminada el 4 de diciembre de 2023 por el foro de primera instancia, mediante la cual se permitió que se emplazara a la señora **RIVERA RÍOS**, aún cuando previamente se había desestimado la causa de acción en su contra, tras el desistimiento voluntario de la señora **MELGAREJO**.

Hemos evaluado nuestro legajo, así como el expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del cual surge que el pasado 25 de enero, se intimó *Sentencia Parcial* desestimando, sin perjuicio, la *Demanda* en contra de la señora **RIVERA RÍOS** y la **SLG-RIVEROL RIVERA**.[33] Ante ello, tomamos conocimiento judicial de dicha *Sentencia Parcial.* Ello, sin duda, tuvo el efecto de tornar en académica la controversia interlocutoria planteada en el recurso de *Certiorari,* aun cuando esta pudo haber sido justiciable en un inicio. Ante ello, entendemos que los hechos medulares han cambiado, y el planteamiento del señor **RIVEROL** ha sido atendido. Ante la ausencia de una controversia genuina entre las partes, entendemos que la petición de *Certiorari* se ha tornado *académica* y en consecuencia, carecemos de *jurisdicción* para atender la misma.

– IV –

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (B) (5) del Reglamento del Tribunal de Apelaciones, ***desestimamos,*** por

---

de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".

[32] *Allied Mgmt. Group v. Oriental Bank*, *supra*, pág. 385.

[33] El referido dictamen judicial fue notificado y archivado en autos el 26 de enero de 2024. Entrada número 71 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

*academicidad,* el recurso de *Certiorari* entablado el 27 de diciembre de 2023 por el señor **RIVEROL**, y ordenamos el cierre y archivo del presente caso.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones